ERIN M. TOBIN (State Bar No. 234943)
etobin@earthjustice.org
MICHAEL R. SHERWOOD (State Bar No. 63702)
msherwood@earthjustice.org
Earthjustice
426 17th Street
Oakland, CA 94612
(510) 550-6725
(510) 550-6749 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

CENTER FOR BIOLOGICAL DIVERSITY, ) Civ. No.
)
Plaintiff, )
)
v. ) ADMINISTRATIVE MOTION TO CONSIDER
) WHETHER CASES SHOULD BE RELATED
DIRK KEMPTHORNE, in his official capacity )
as Secretary of the Interior; H. DALE HALL, in )
his official capacity as Director, United States )
Fish and Wildlife Service; and UNITED )
STATES FISH AND WILDLIFE SERVICE, an )
agency of the United States Department of the )
Interior, )
)
Defendants. )

## INTRODUCTION

In this action under the Endangered Species Act ("Act"), 16 U.S.C. §§ 1531-44, to compel the Secretary of the Interior, the Director of the U.S. Fish and Wildlife Service, and the U.S. Fish and Wildlife Service (collectively "the Service") to designate legally adequate critical habitat for the California red-legged frog ("the Frog"), plaintiff Center for Biological Diversity ("the Center") requests that the Court relate this case to an earlier action decided by the Hon. William Alsup that also resolved a dispute between the parties concerning the Service's failure to designate critical habitat for the Frog: *Jumping Frog Research Institute* et al. v. *Babbitt*, et al., No. C 99-1461WHA (N.D. Cal. Dec. 15, 1999) ("*Jumping Frog v. Babbitt*"). Under Civil Local Rule 3-12, relating this case to *Jumping Frog v. Babbitt* is appropriate because the cases involve substantially the same

parties, property, and events, and assigning this case to Judge Alsup would be the most efficient use of judicial resources.

## STATEMENT OF THE RELATIONSHIP OF THE ACTIONS

**I.    Both Actions Concern Substantially the Same Parties.**

In this case, plaintiff Center for Biological Diversity challenges as legally inadequate a regulation issued by the Service that designates critical habitat for the Frog pursuant to Section 4 of the ESA, 16 U.S.C. § 1533. In *Jumping Frog v. Babbitt*, the Center and two other organizations (Jumping Frog Research Institute and Pacific Rivers Council), were plaintiffs in an action that first compelled the Service to designate the critical habitat of the Frog pursuant to Section 4 of the ESA. Both the plaintiffs and the defendants in this case are substantially the same as those involved in *Jumping Frog v. Babbitt*.

**II.    Both Actions Concern Substantially the Same Property and Events.**

The species of concern in this action and in *Jumping Frog v. Babbitt* is the California red-legged frog, a subspecies listed as threatened under the ESA that is at risk of extinction in its range in California as a result of significant habitat loss from urbanization, livestock grazing, and other human activities. The central premise of this lawsuit, and that of *Jumping Frog v. Babbitt*, is that designation as "critical habitat" of the essential components of the Frog's habitat, such as aquatic areas in which frogs can feed and breed, and the protection of such areas under Section 7 of the ESA, 16 U.S.C. § 1536, is vital to the survival and recovery of the subspecies. To that end, the objectives of both actions was and is to ensure that the Service designates sufficient and legally adequate critical habitat for the Frog.

In addition, both actions potentially affect the same property, *i.e.*, those areas within the historic range of the Frog extending along the California coast from Marin County to northwestern Baja, Mexico, throughout the Central Valley, and within the foothills of the Sierra Nevada.

**III.    Assigning This Action to The Same Judge Will Avoid Unduly Burdensome Duplication of Labor and Expense and Conflicting Results.**

In *Jumping Frog v. Babbitt*, Judge Alsup ordered the Service to designate critical habitat for the Frog, after resolving the Center's motion for summary judgment based on a fully developed

1 | administrative record. Judge Alsup is therefore well-acquainted with the Frog, the history of the
2 | effort to compel the Service first to list the Frog under the ESA and then to designate its critical
3 | habitat, and the requirements of the ESA, including those provisions in ESA Section 4 that provide
4 | for the designation of critical habitat for species and subspecies, such as the Frog, that are listed as
5 | threatened under the Act. 16 U.S.C. § 1533(a)(3)(A), (b)(1)(A), (b)(2).

6 | In addition, both cases share common questions of law concerning the Service's duty to
7 | adequately assess the benefits of critical habitat under ESA Section 4. In *Jumping Frog v. Babbitt*,
8 | Judge Alsup invalidated the Service's determination that it was "not prudent" to designate critical
9 | habitat for the Frog, because the agency "failed to consider the possible benefits of designation" of
10 | critical habitat. *Jumping Frog v. Babbitt*, 1999 WL 1244149, *1 (Not Reported) (N.D. Cal. Dec. 15,
11 | 1999). The benefits the Service failed to consider included those that would accrue from designating
12 | federal lands as critical habitat, which would trigger the requirement in Section 7 of the Act that
13 | federal agencies insure that federal actions do not destroy or adversely modify a species' critical
14 | habitat. *Id.*; *see also* 16 U.S.C. § 1536(a)(2). Similarly, a pivotal issue in the instant case is the
15 | Service's decision to exclude many thousands of acres of habitat from the Frog's final critical habitat
16 | rule, including federal lands under the jurisdiction and supervision of the U.S. Forest Service, on the
17 | ground that the benefits of designating these areas as critical habitat are outweighed by their
18 | purported costs.

### CONCLUSION

Pursuant to Civil Local Rule 3-12, this matter is related to *Jumping Frog v. Babbitt* as it involves substantially the same parties, property, and events. To avoid unduly burdensome duplication of labor and expense, to conserve judicial resources, and to minimize the potential risk of conflicting judicial rulings, the Center respectfully requests that this matter be assigned to the Hon. William H. Alsup.

DATED: December 19, 2007

*Erin M. Tobin*
ERIN M. TOBIN
MICHAEL R. SHERWOOD

Attorneys for Plaintiff