ERIN M. TOBIN (State Bar No. 234943)
etobin@earthjustice.org
MICHAEL R. SHERWOOD (State Bar No. 63702)
msherwood@earthjustice.org
Earthjustice
426 17th Street
Oakland, CA 94612
(510) 550-6725
(510) 550-6749 fax

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, | ) Civ. No. C-07-6404 WHA |
| Plaintiff, | ) **JOINT CASE MANAGEMENT** |
| | ) **STATEMENT AND [PROPOSED] ORDERS** |
| v. | ) |
| | ) Hearing:    April 3, 2008 |
| DIRK KEMPTHORNE, *et al.*, | ) Time:       11:00 a.m. |
| | ) Courtroom: 9, 19th Floor |
| Defendants. | ) Judge:      Hon. William Alsup |
| | ) |

The parties to the above-entitled action submit this Joint Case Management Statement.
Because the parties were not able to agree to a schedule for further proceedings, the parties have
filed separate proposed case management orders.

**1.      Jurisdiction and Service:**

The court has jurisdiction over this action by virtue of 28 U.S.C. § 1331 (federal question
jurisdiction), 28 U.S.C. § 2201 (declaratory judgment), 28 U.S.C. § 2202 (injunctive relief), 16
U.S.C. § 1540(c) (actions arising under the ESA), and/or 16 U.S.C. § 1540(g) (citizen suit provision
of the ESA).

Venue is properly vested in this court pursuant to 16 U.S.C. § 1540(g)(3)(A), as all or part of
the violations of the ESA alleged occurred in the Northern District of California, and 28 U.S.C. §
1391(e), as a substantial part of the events and omissions giving rise to the claims occurred in this
district.

There are no parties to this action that remain to be served.

### 2.    Facts:

On December 19, 2007, Plaintiff filed this action pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1531, *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551, *et seq.*, challenging a final rule adopted by the United States Fish and Wildlife Service ("Service") that designates revised critical habitat for the California red-legged frog ("Frog").  The Frog is a threatened species under the ESA.

Pursuant to the ESA, on April 13, 2004, the Service published a proposed critical habitat rule that proposed designating approximately 4.1 million acres as critical habitat for the Frog.  69 Fed. Reg. 19620 (April, 13, 2004).   On November 3, 2005, the Service published a revised proposed critical habitat rule that proposed designating approximately 737,912 acres of critical habitat.  70 Fed. Reg. 66906 (Nov. 3, 2005).  On April 13, 2006, the Service published a final rule designating 450,288 acres of revised critical habitat for the Frog -- a mere 10% of its original proposal.  71 Fed. Reg. 19244 (April 13, 2006).

On or around November 23, 2007, the Service determined that the Frog's critical habitat rule "should be revised" because of questions concerning inappropriate interference in the rulemaking process by former Deputy Assistant Secretary Julie McDonald and the scientific integrity of the final rule, and also whether the rule applied the appropriate legal standards.  However, the Service has not yet revised the critical habitat rule and has not stated when it will do so.

As this is an APA case, the "facts" are reflected in an administrative record that is normally filed by Defendants with the Court.  The parties do not presently anticipate that there will be any factual issues in dispute.

### 3.    Legal Issues:

The disputed legal issues include: (a) whether the final critical habitat rule for the Frog violates Section 4(b)(2) of the ESA because it is not based on the "best scientific data available," 16 U.S.C. § 1533(b)(2); (b) whether the Service violated Section 4(b)(2) of the ESA by excluding areas from the final critical habitat rule by inflating overall costs of designating critical habitat and failing to recognize the conservation and societal benefits of critical habitat; (c) whether the Service

violated Section 4(a)(3) of the ESA, 16 U.S.C. § 1533(a)(3), and the APA by failing to explain its basis for excluding areas from the final critical habitat rule that the Service determined are essential to the survival and recovery of the Frog.

**4.  Motions:**

On December 19, 2007, plaintiff filed an Administrative Motion to Consider Whether Cases Should be Related pursuant to Civil Local Rule 3-12, which notified the Court and parties that the instant case is related to an earlier action resolved by Judge William Alsup, *Jumping Frog Research Institute et al. v. Babbitt,* et al., No. C 99-1461WHA (N.D. Cal. Dec. 15, 1999).  Judge Alsup held that the cases were related in an Order dated December 30, 2007, and filed January 3, 2008 (Doc. 6).

On February 19, 2008, the parties filed a Joint Stipulation extending the time in which Defendants are required to file an Answer to the Complaint, until March 13, 2008 (Doc. 10).

On March 12, 2008, the parties filed a joint stipulated request for order changing time (Doc. 14), which resulted in the resetting of the case management conference (Doc. 15), this case management statement, and the Answer to the Complaint (Doc. 16).

Because this is an administrative review case, the parties anticipate that it will be resolved on cross motions for summary judgment based upon the Court's review of the Administrative Record to be filed by Defendants.

**5.  Amendment of Pleadings:**

The parties do not anticipate amending the pleadings at this time to add or dismiss parties, claims, or defenses.

**6.  Evidence Presentation:**

Because this case will be resolved by the Court based upon an Administrative Record filed by the Defendants, the parties agree that they do not need to take any additional steps to preserve evidence relevant to the issues reasonably evident in this action.

**7.  Disclosures:**

This case is exempt from the requirements of initial disclosures under Fed. R. Civ. P. 26(a)(1) because it arises under the Administrative Procedure Act and will be resolved based on an Administrative Record.

**8.    Discovery:**

The parties agree that because this is an administrative record review case, and such cases are usually resolved upon cross motions for summary judgment based upon the Court's review of the Administrative Record, a discovery planning conference under Fed. R. Civ. P. 26(f) is not required. Neither party anticipates the need for discovery at this time.  However, should the need arise, both parties reserve the right to pursue discovery as permitted by the Federal Rules of Civil Procedure.

**9.    Class Actions:**

Not applicable.

**10.    Related Cases:**

This case is related to *Jumping Frog Research Institute et al. v. Babbitt,* et al., No. C 99-1461WHA (N.D. Cal. Dec. 15, 1999), and *Homebuilders Associations of Northern California et al. v. Norton*, No. 01-1291 RJL (D.D.C. Nov. 6, 2002).

**11.    Relief:**

Plaintiff's Complaint requests that the Court grant the following relief:

A.    Find and declare that the Service violated the ESA, its implementing regulations, and the APA in designating critical habitat for the Frog;

B.    Order the Service to designate critical habitat for the Frog that includes all habitat that, on the basis of the best available scientific data, is essential to the survival and recovery of the Frog, properly considers the benefits and costs of critical habitat designation, and is otherwise in compliance with the ESA and its implementing regulations;

C.    Order the Service to initiate a new rulemaking procedure immediately, and to publish a proposed revised designation of critical habitat for the Frog within ninety days after the Order of this Court, and to publish a final rule designating legally adequate critical habitat for the Frog within nine months thereafter;

D.    Retain jurisdiction over this matter until such time as the Service has published a final rule designating legally adequate critical habitat for the Frog;

E.    Award plaintiff its reasonable fees, costs, expenses, and disbursements, including attorneys fees, associated with this litigation.

F.    Grant plaintiff such additional and further relief as the Court may deem just and appropriate.

**12.    Settlement and ADR:**

The parties presently are engaged in good-faith settlement negotiations and are hopeful that this case will be resolved without further judicial proceedings. The parties anticipate being able to report to the Court as to whether the parties have been able to reach a settlement of the case on or before April 3, 2008, the date of the Initial Case Management Conference.

**13.    Consent to Magistrate Judge For All Purposes:**

The parties do not consent to adjudication of this matter by a United States Magistrate Judge.

**14.    Other References:**

The parties agree that is case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:**

The parties believe that the issues in this case can be significantly narrowed by agreement or motion.  To the extent that this case may not be resolved by stipulated settlement agreement, Plaintiff's position is that the case should be resolved by the Court based on summary judgment motions.  Defendants' position is that, if the case is not settled, Defendants intend to file a stipulation or motion seeking a voluntary remand to issue a new revised critical habitat rule, which would supersede the existing rule at issue in this case, and thus narrow the dispute to one over the schedule by which such a new rule should be promulgated.

**16.    Expedited Schedule:**

The parties do not request an expedited schedule.

**17.    Scheduling:**

If the parties are not able to resolve this case through settlement, Plaintiff's position is that this case should be resolved by the Court based upon cross-motions for summary judgment.

Subject to the Court's calendar, Plaintiff proposes a schedule of further proceedings as follows:

(a) Defendants will file the Administrative Record by April 21, 2008.

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER                    5
Civ. No. C-07-6404 WHA

(b) Motions relating to the Administrative Record shall be filed within 60 days after the Defendants' filing of the Administrative Record.

(c) Plaintiff's Motion for Summary Judgment shall be filed within 60 days after all Administrative Record issues have been resolved, or if there are no such issues, within 60 days after Defendants file the Administrative Record; Defendant's Opposition shall be filed within 30 days thereafter; and Plaintiff's Reply shall be filed within 20 days thereafter.

Defendants' position is that the case should be resolved on remand under a schedule to be determined by this Court. Defendants propose a schedule of further proceedings as follows:

(a) Defendants will file their position on the remand schedule, including supporting declarations, by May 1, 2008.

(b) Plaintiff will file its response by May 29, 2008.

(c) Defendants will file their reply by June 12, 2008.

Under either proposed briefing schedule, a hearing on the matter shall be held at the earliest available date thereafter.

**18.    Trial:**

The parties agree that this APA case will not require any final pretrial conference or trial.

**19.    Disclosure of Non-party Interested Entities or Persons:**

There are no such interests to report.

Dated:  March 28, 2008                    Respectfully submitted,


                                          s/ Erin M. Tobin
                                          ERIN M. TOBIN (State Bar No. 234943)
                                          MICHAEL R. SHERWOOD (State Bar No. 63702)
                                          Earthjustice
                                          426 17th Street
                                          Oakland, CA 94612
                                          (510) 550-6725
                                          etobin@earthjustice.org
                                          msherwood@earthjustice.org

                                          Attorneys for Plaintiff


                                          RONALD J. TENPAS, Assistant Attorney General
                                          JEAN E. WILLIAMS, Chief

1

2

 s/ Joseph H. Kim (by E. Tobin, w/permission)
JOSEPH H. KIM, Trial Attorney

3 United States Department of Justice
Environment and Natural Resources Division

4 Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369

5 Washington, D.C. 20044-7369
(202) 305-0207

6 joseph.kim@usdoj.gov

7 Attorneys for Defendants

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER          7
Civ. No. C-07-6404 WHA