RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief
JOSEPH H. KIM, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0207
(202) 305-0275 (fax)
joseph.kim@usdoj.gov

Attorneys for Defendants Dirk Kempthorne,
H. Dale Hall, and U.S. Fish & Wildlife Service

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY,<br><br>    Plaintiff,<br><br>v.<br><br>KEMPTHORNE, et al.,<br><br>    Defendants, | NO. C-07-6404-WHA<br><br>**[PROPOSED] CONSENT DECREE** |

Plaintiff, Center for Biological Diversity, and Defendants, Dirk Kempthorne, sued in his official capacity as Secretary of the Interior, H. Dale Hall, sued in his official capacity as Director of the United States Fish and Wildlife Service, and the United States Fish and Wildlife Service, by and through their undersigned counsel, state as follows:

WHEREAS, the United States Fish and Wildlife Service ("Service"), pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1533(a)(3)(A), published a final rule designating critical habitat for the California red-legged frog (*Rana aurora draytonii*) (the "Species"). 71 Fed. Reg. 19244 (April 13, 2006) (the "Rule").

1    WHEREAS, on December 19, 2007, Plaintiff filed a Complaint for declaratory and injunctive relief, pursuant to the ESA, 16 U.S.C. § 1540(g), and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*. The Complaint challenged the Rule and sought a new critical habitat rule for the Species.

WHEREAS, Plaintiff and Defendants, through their authorized representatives, and without any admission or final adjudication of the issues of fact or law with respect to Plaintiff's claims, have reached a settlement that they consider to be a just, fair, adequate, and equitable resolution of the disputes set forth in Plaintiff's Complaint.

WHEREAS, Plaintiff and Defendants agree that settlement of this action in this manner is in the public interest and is an appropriate way to resolve the dispute between them.

NOW, THEREFORE, IT IS STIPULATED BY AND BETWEEN THE PARTIES AS FOLLOWS:

1.    By no later than August 29, 2008, the Service shall submit for publication in the *Federal Register* a proposed revised critical habitat designation pursuant to ESA § 4(a)(3), 16 U.S.C. § 1533(a)(3), for the Species. By no later than August 31, 2009, the Service shall submit to the *Federal Register* a final revised critical habitat designation for the Species.

2.    The Service shall provide the public a minimum of sixty days in which to comment on the draft economic analysis of the proposed revised critical habitat designation for the Species (referenced in Paragraph 1) prior to the deadline for publication of the final revised critical habitat designation for the Species.

3.    Either party may seek to modify the deadline for any actions specified in Paragraph 1 for good cause shown. In that event, or in the event that either party believes that the other party

[PROPOSED] CONSENT DECREE - 2
C-07-6404-WHA

1  has failed to comply with any term or condition of this Agreement, the parties shall use the dispute
2  resolution procedures specified in Paragraph 4.

3      4.    The Order entering this Settlement Agreement ("Agreement") may be modified by
4  the Court upon good cause shown by written stipulation between the parties, filed with and approved
5  by the Court, or upon written motion filed by one of the parties and granted by the Court.  In the
6  event that either party seeks to modify the terms of this Agreement, including the deadline for the
7  actions specified in Paragraph 1, or in the event of a dispute arising out of or relating to this
8  Agreement, or in the event that either party believes that the other party has failed to comply with
9  any term or condition of this Agreement, the party seeking the modification, raising the dispute or
10 seeking enforcement, shall provide the other party with written notice of the claim.  The parties
11 agree that they will meet and confer (in-person not required) at the earliest possible time in a good-
12 faith effort to resolve the claim before bringing any matter to the Court.  If the parties are unable to
13 resolve the claim within 30 days after the notice, either party may file a motion with the Court
14 seeking either specific performance of the provisions of the Agreement or a modification of the
15 Agreement for good cause shown.  No party seeking to enforce this Agreement shall invoke the
16 contempt powers of the Court in aid of enforcement of this Agreement except in the enforcement
17 of any subsequent specific performance order of the Court in accordance with these dispute
18 resolution procedures.

19     5.    No party shall use this Agreement or the terms herein as evidence of what does or
20 does not constitute a reasonable time line for designation of critical habitat in any other proceeding
21 regarding the Service's implementation of the ESA.

22     6.    Defendants agree that Plaintiff is the "prevailing party" in this action, and agrees to
23 pay Plaintiff reasonable attorneys' fees and costs, pursuant to Section 11(g) of the ESA, 16 U.S.C.

24 [PROPOSED] CONSENT DECREE - 3
C-07-6404-WHA

§ 1540 (g). Therefore, Defendants agree to settle all of Plaintiff's claims for costs and attorneys' fees in the above-captioned litigation for a total of $20,390.12. A check will be made payable in that amount to Earthjustice.

7. Defendants agree to submit all necessary paperwork for payment of said attorneys' fees to the Department of the Treasury's Judgment Fund Office, pursuant to 16 U.S.C. § 1540(g)(4), within ten (10) business days of receipt of the signed court order approving this stipulation.

8. Plaintiff agrees to accept payment of $20,390.12 in full satisfaction of any and all claims for attorneys' fees and costs of litigation to which Plaintiff is entitled in the above-captioned litigation, through and including the date of this agreement.

9. Plaintiff agrees that receipt of this payment from Defendants shall operate as a release of Plaintiff's claims for attorneys' fees and costs in this matter, through and including the date of this agreement.

10. The parties agree that Plaintiff reserves the right to seek additional fees and costs incurred subsequent to this agreement arising from a need to enforce or defend against efforts to modify the underlying schedule outlined in Paragraph 1, or for any other unforeseen continuation of this action.

11. By this agreement, Defendants do not waive any right to contest fees claimed by Plaintiff or Plaintiff's counsel, including the hourly rate, in any future litigation, or continuation of the present action. Further, this stipulation as to attorneys' fees and costs has no precedential value and shall not be used as evidence in any other attorneys' fees litigation.

12. Subject to the qualifications in Paragraph 13, no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that any Defendant take action in contravention of the Endangered Species Act, the Administrative Procedure Act, or any other law

[PROPOSED] CONSENT DECREE - 4
C-07-6404-WHA

or regulation, either substantive or procedural. Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded to the Service by the ESA, the APA, or general principles of administrative law with respect to the procedures to be followed in making any determination required herein, or as to the substance of any final determination.

13. Defendants assert that no provision of this Agreement shall be interpreted as, or constitute, a commitment or requirement that Defendants are obligated to spend funds in violation of the Anti-Deficiency Act, 31 U.S.C. § 1341. In response, Plaintiff asserts that this Agreement does not create a conflict with the Anti-Deficiency Act because the duty to designate critical habitat is required in non-discretionary terms by the ESA and because the Anti-Deficiency Act would not excuse compliance with a pre-existing court-approved Agreement. Plaintiff intends to assert this position if the Service fails to comply with the terms of this Agreement for reasons of insufficient appropriations. Defendants reserve all legal and equitable defense to such a claim.

14. The parties agree that this Agreement was negotiated in good faith and it constitutes a settlement of claims that were vigorously contested, denied, and disputed by the parties. By entering into this Agreement Plaintiff and Defendants do not waive any claim or defense.

15. The undersigned representatives of each party certify that they are fully authorized by the party or parties they represent to agree to the Court's entry of the terms and conditions of this Agreement and do hereby agree to the terms herein.

16. The terms of this Agreement shall become effective upon entry of an order by the Court ratifying the Agreement.

17. Upon approval of this Agreement by the Court, all counts of Plaintiff's Complaint shall be dismissed with prejudice, pursuant to Federal Rule of Civil Procedure 41(a).

[PROPOSED] CONSENT DECREE - 5
C-07-6404-WHA

18. Notwithstanding the dismissal of this action, the U.S. District Court shall retain jurisdiction over this matter to oversee compliance with the terms of this Agreement and to resolve any motions to modify such terms. See <u>Kokkonen v. Guardian Life Ins. Co. of Am.</u>, 511 U.S. 375 (1994).

Dated: April 1, 2008

Respectfully submitted,

  s/ Erin M. Tobin (by J. Kim, w/ permission)
ERIN M. TOBIN (State Bar No. 234943)
MICHAEL R. SHERWOOD (State Bar No. 63702)
Earthjustice
426 17th Street
Oakland, CA 94612
(510) 550-6725

Attorneys for Plaintiff

RONALD J. TENPAS, Assistant Attorney General
JEAN E. WILLIAMS, Chief
    s/ Joseph H. Kim
JOSEPH H. KIM, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Wildlife and Marine Resources Section
Ben Franklin Station, P.O. Box 7369
Washington, D.C. 20044-7369
(202) 305-0207
joseph.kim@usdoj.gov

Attorneys for Defendants

[PROPOSED] CONSENT DECREE - 6
C-07-6404-WHA

**[PROPOSED] ORDER**

The terms and conditions of this Consent Decree are hereby adopted as an enforceable ORDER of this Court. The Court retains jurisdiction over this matter to oversee compliance with the terms of this Consent Decree and resolve any motions to modify such terms.

Dated: this _____ day of _____ 2008.

William H. Alsup
United States District Judge

[PROPOSED] CONSENT DECREE - 7
C-07-6404-WHA